The document below is hereby signed.

Signed: June 22, 2020



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JASPREET KAUR ATTARIWALA, | ) | Case No. 19-00828 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BIOCONVERGENCE LLC d/b/a | ) | |
| SINGOTA SOLUTIONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 20-10009 |
| JASPREET ATTARIWALA, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER RE MOTION FOR DEFAULT JUDGMENT</u>

The complaint in this adversary proceeding seeks to declare that the claims asserted by the plaintiff ("Singota") in an amended complaint filed in a civil action against the debtor in the U.S. District Court for the Southern District of Indiana (the "District Court") are nondischargeable under 11 U.S.C. § 523(a)(4) as debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The civil action claims have also been asserted in the main bankruptcy case by way

of a proof of claim. The debtor has filed an objection in the main case to the proof of claim.

The plaintiff obtained an entry of default against the debtor in this adversary proceeding and has moved in this adversary proceeding for a default judgment against the defendant. The proposed order Singota submitted with its motion for default judgment would have decreed that Singota's damage claims eventually adjudicated against the debtor in the civil action or here (or elsewhere) are nondischargeable. As the court noted at the scheduling conference of May 13, 2020, the court could not enter such an order because some of the plaintiff's claims are of a dischargeable character. The District Court complaint alleges, for example, claims for breach of contract which, without more, would not be nondischargeable. The motion for default judgment fails to identify the claims that Singota asserts *are* of a nondischargeable character. Accordingly, even though the debtor failed to file an opposition to the motion for default judgment, I will deny the motion with leave to seek entry of a default judgment limited to those claims asserted in the civil action amended complaint that *are* of a nondischargeable character.

The entry of default establishes liability to the extent well-pled in the complaint, *see Flynn v. Old World Plaster, LLC*, 741 F.Supp.2d 268, 269-70 (D.D.C. 2010), and precludes a

defendant from raising any affirmative defense (such as setoff) that it would have been required to plead under Fed. R. Civ. P. 8(d).  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  However, the defendant is entitled to contest damages.  *Id.*; *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

The entry of default against the debtor in this adversary proceeding establishes liability for any debts of a nondischargeable character established by well-pled facts.  However, the motion for default judgment failed to identify which claims Singota believes are of a nondischargeable character.  The debtor and the court are entitled to have Singota make clear what claims it asserts are of a nondischargeable character.
Here, the debtor's attorney has now entered an appearance in this adversary proceeding, and I will permit the debtor (1) to contest the extent to which the adversary proceeding complaint and the civil action amended complaint appended thereto plead claims of a nondischargeable character, and (2) to participate with respect to the issue of damages.

However, Singota has filed a motion in the main case for relief from the automatic stay to permit it to resume pursuit in the Southern District of Indiana civil action of its claims asserted by the District Court complaint.  At the scheduling conference of May 13, 2020, I assumed that Singota prefers to

3

proceed with the litigation in the civil action (if it is granted relief from the automatic stay). Even if the court denies the motion for relief from the automatic stay, Singota may prefer to try both dischargeable and nondischargeable claims together incident to litigation of the objection to its proof of claim. However, it is free to request that a damages hearing be set to enter a default judgment against the debtor regarding its claims of a nondischargeable character. Contrary to my note in the *Scheduling Conference Minutes* (Dkt. No. 12) that the determination of nondischargeability would await the adjudication of the claims against the debtor in the civil action or via litigation of the objection to Singota's proof of claim (or via litigation elsewhere), Singota is free to proceed by way of a motion for default judgment to seek a judgment fixing the amount of any identified nondischargeable claims.

At a hearing of June 18, 2020, in the main case on the motion for relief from the automatic stay the debtor's attorney indicated that the debtor would not be able to afford to defend in the civil action and to travel to Indiana to participate in the litigation, as opposed to litigating her objection to Singota's proof of claim in this court. She fears that a judgment would likely be entered against her by way of default in the civil action without her participating. At least as to claims of a nondischargeable character, the debtor's default

4

already establishes liability for any claims of a nondischargeable character pled by well-pled facts. Damages could be decided in this adversary proceeding by way default procedures, with the debtor free to participate regarding the question of damages.

My own review of the civil action amended complaint suggests that the civil action amended complaint pleads some claims that are of a nondischargeable character, and others that are not. Singota has not addressed how its allegations establish a claim for "fraud or defalcation while acting in a fiduciary capacity" within the meaning of § 523(a)(4), but it appears that its allegations may establish certain claims for embezzlement or larceny.

*Breach of Fiduciary Duty*. The District Court complaint alleged claims for "breach of fiduciary duty/duty of loyalty." That complaint alleges only in conclusory terms that there was a breach of fiduciary duty, by alleging:

> 116. Based upon her employment with the Company, Attariwala owed a fiduciary duty and duty of loyalty to the Company.
>
> 117. Attariwala breached her duty by taking and using the Company's proprietary and confidential information for the benefit of Attariwala.

The plaintiff has not briefed how mere employment could be viewed as establishing, as a well-pled fact that could be treated as admitted for purposes of a default judgment, that the debtor

5

acted in a "fiduciary capacity" within the meaning of § 523(a)(4). However, Singota is free to file an amended motion for default judgment contending that its civil action amended complaint does establish that the debtor committed fraud or defalcation while acting in a fiduciary capacity.

*Embezzlement or Larceny*.  Embezzlement entails (1) entrustment to the debtor of (2) property (3) of another (4) which the debtor appropriates for his or her own use (5) with intent to defraud.  *Moonan v. Bevilacqua (In re Bevilacqua)*, 53 B.R. 331, 333-34 (Bankr. S.D.N.Y. 1985).  Larceny is the (1) wrongful taking of (2) property (3) of another (4) without the owner's consent (5) with the intent to convert the property. *Great American Insurance Co. v. Graziano (In re Graziano)*, 35 B.R. 589, 594 (Bankr. E.D.N.Y. 1983).  Default judgment is appropriate only if there are well-pled facts establishing that the taking of property was fraudulent.  *See Matter of Miller*, 156 F.3d 598, 603 (5th Cir. 1998), addressing nondischargeability for an embezzlement claim, holding that embezzlement requires fraudulent intent in the sense of knowing that the taking was wrongful, and stating that "[o]ne can wrongfully appropriate a trade secret while acting under an erroneous belief of entitlement."  *See also In re Palladino*, 560 B.R. 608, 628 (Bankr. D. Mass. 2016) (larceny requires a fraudulent intent).

Did the District Court complaint (incorporated into

Singota's nondischargeability complaint) allege fraudulent intent with respect to the debtor's wrongfully taking property?  The District Court complaint includes these allegations:

> 107. Defendants were and are aware of the confidential and proprietary nature of the Company's confidential information, and of Attariwala's duty not to use such information for her own benefit, or for the benefit of any person or entity other than the Company.
> 108. Defendants willfully, wrongfully, and maliciously misappropriated the Company's confidential information.
> \* \* \*
> 113. The conduct of Defendants, and those acting in concert with them, was and is willful, malicious, and done in conscious disregard of the Company's rights, entitling the Company to exemplary damages and attorney's fees and costs in an amount to be proven at trial.
> \* \* \*
> 147. Defendants have asserted unauthorized control over the Company's property with the intent to deprive the Company of their value, thereby committing theft as set forth in Indiana Code§ 35-43-4-2.[1]

Singota is free to file an amended motion for default judgment contending that those allegations establish that the debtor embezzled trade secrets and other property or took them by larceny such that claims based on those allegations are nondischargeable under 11 U.S.C. § 523(a)(4).

In that regard, the motion for default judgment does not address the issue of which items of misappropriated "Confidential

---

[1] The civil action amended complaint is replete with earlier allegations concerning misappropriation of specific trade secrets, Confidential Information and Protected Information as those terms are defined elsewhere in the amended complaint.  Of course, any misappropriation of any such item might be embezzlement or larceny only if the particular item constituted property.

7

Information" and "Protected Information" constitute property for which misappropriation may constitute embezzlement or larceny. According to the civil action amended complaint, Confidential Information means "any proprietary, confidential, or company-sensitive information and materials which are the property of or relate to the Company or business of the Company" and includes:

> (i) trade secrets, (ii) the names and addresses of the Company's past, present or prospective contributors, beneficiaries or business contacts, and all information relating to such contributors, beneficiaries, or business contacts, regardless of whether such information was supplied or produced by the Company or such contributors, beneficiaries, or business contacts; and (iii) information concerning the Company's affiliates, financing sources, profits, revenues, financial condition, fund raising activity, and investment activity, business strategies, and software used by the Company and associated layouts, templates, processes, documentation, databases, designs and techniques.

Protected Information means "confidential and proprietary information and trade secrets."

A trade secret can be property, but is, for example, information concerning Singota's affiliates property? Taking such information and misusing it might injure Singota, and such conduct might be a willful and malicious infliction of injury on Singota, but 11 U.S.C. § 523(a)(6) does not apply in this Chapter 13 case.

If the allegations do establish liability on claims of a nondischargeable character, the court would still need to hear

evidence establishing the extent of damages owed (including, for example, attorney's fees incurred in seeking injunctive relief as to trade secrets and any damages for lost profits arising from the appropriation of the trade secrets).

If Singota is granted relief from the automatic stay, and the District Court decides the claims against the debtor in the civil action, this court would not need to determine the amount of damages if the District Court judgment is entitled to preclusive effect establishing the amount of claims of a nondischargeable character.  The parties may wish to attempt to assure that any jury verdict in the civil action in Singota's favor has the disposition of the claims framed in a way that the District Court judgment will be entitled to binding effect by way principles of issue preclusion (collateral estoppel) and claim preclusion (res judicata), with damages for claims of a nondischargeable character distinguished from damages of claims of a dischargeable character.

However, Singota could elect to proceed to have this court determine damages on any nondischargeable claims pursuant to a motion for default judgment.  Finding the amount owed for a nondischargeable debt is viewed by most courts of appeals as a "core proceeding" as an incident of the core proceeding to determine the existence of a nondischargeable debt.  *See Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473,

478 (5th Cir. 2009). *But see Siragusa v. Collazo (In re Collazo)*, 817 F.3d 1047, 1053-54 (7th Cir. 2016) (treating claim as only falling within "related to" authority, thus requiring consent of the parties to adjudication by the bankruptcy court or the bankruptcy court's issuance of a proposed ruling for de novo review by the district court).[2]  The debtor has objected to Singota's proof of claim, and this court clearly has the authority to determine the amount of the debt under 28 U.S.C. § 157(b)(2)(B).  Accordingly, it is not necessary to decide the issue of whether entry of a monetary judgment on a nondischargeable claim owed to Singota would be a core proceeding if no proof of claim had been filed.  With a proof of claim having been filed, and the debtor having objected to the claim, the court has authority to enter a monetary judgment for any nondischargeable debt owed Singota as a core proceeding.  *See Atassi v. McLaren (In re McLaren)*, 990 F.2d 850, 853 (6th Cir. 1993) (bankruptcy court had authority to enter monetary judgment

---

[2] The court in *In re Collazo* failed to acknowledge its prior decision in *N.I.S. Corp. v. Hallahan (In re Hallahan )*, 936 F.2d 1496 (7th Cir. 1991), in which it upheld a bankruptcy court's entry of a monetary judgment in a dischargeability proceeding, reasoning that "allowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the 'rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief.'" (quoting *Alexander v. Hillman*, 296 U.S. 222, 242 (1935)).  *Hallahan* also held that the proceeding was an equitable proceeding such that the debtor was not entitled to a jury trial.

regarding nondischargeable debt when it had authority to determine under 28 U.S.C. § 157(b)(2)(B) the "allowance or disallowance of claims against the estate" as a core proceeding). *See also Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 164 (2d Cir. 1995) (the entry of a money judgment after ruling on objection to claim and allowing claim "finds support in the bankruptcy court's inherent equitable powers").

It is thus

ORDERED that the motion for default judgment is denied with Singota granted leave to file an amended motion for default judgment identifying the particular claims asserted in its complaint in this adversary proceeding and in the civil action amended complaint appended thereto that it asserts are nondischargeable claims, and requesting the court to fix the amount of damages if the amount of damages has not been fixed in other proceedings. It is further

ORDERED that a further scheduling conference will not be held in this proceeding pending Singota's deciding how it wishes to proceed.

[Signed and dated above.]

Copies to: All counsel of record; Chapter 13 trustee.

R:\Common\TeelSMT\Judge Teel Docs\Nondischargence v. Attardale - Mem Deci re Initial Mtn for Default Judgment.wpd